IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-184 (MN) |
| | ) | |
| CONNECTIONS COMMUNITY | ) | Superior Court of the State of Delaware in |
| SUPPORT PROGRAMS, et al., | ) | and for New Castle County |
| | ) | C.A. No. N20C-01-023 JRJ |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 19th day of January 2022:

Plaintiff Robert Saunders ("Plaintiff" or "Saunders"), an inmate at the James T. Vaughn Correctional Center ("JTVCC"), filed this civil rights action on January 10, 2020 in the Superior Court of the State of Delaware in and for New Castle County, C.A. No. N20C-01-023 JRJ. (D.I. 1-1 at 2-6). The case was removed to this Court on February 6, 2020. (D.I. 1). Plaintiff proceeds *pro se* and has paid the filing fee. The case was dismissed without prejudice to file a new case on October 23, 2020. (D.I. 21, 22). On November 5, 2020, Plaintiff filed a letter/motion to amend. (D.I. 23). It was denied on March 26, 2021. (D.I. 24). Plaintiff moves for reconsideration of the March 26, 2021 order and requests counsel.[1] (D.I. 25).

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. Motions pursuant to this rule are not to be used to reargue matters already argued and disposed of or to

---

[1] As to Plaintiff's request for the appointment of counsel, § 1915(e)(1) confers on the district court the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. There is, however, no indication on the State Court docket that Plaintiff sought leave to proceed *in forma pauperis*. Nor has he sought leave to proceed *in forma pauperis* in this Court. Plaintiff does not have *pauper* status and, therefore, does not qualify for counsel under § 1915. Thus, the Court will deny his current request for counsel.

relitigate a point of disagreement between the Court and the litigant.  Such motions may be used only to correct manifest errors of law or fact or to present newly discovered evidence.  *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).  "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted)[.]  *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (first bracketed text added by the court of appeals).

Here, Plaintiff moves for reconsideration on the grounds that he was hospitalized in September 2020 and his medical issues prevented him from complying with this Court's Local Rules.  He refers to lack of access to a physical law library and continuing eye problems.  Plaintiff made this Court aware of his vision issues and law library access in his November 5, 2020 motion.  (D.I. 23).  He did not mention his September 2020 hospitalization, although he could have.  Having reviewed the November 5, 2020 motion, the applicable law, and this Court's March 26, 2021 Order, this Court finds that Plaintiff has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by this Court to warrant granting reconsideration.  *See Max's Seafood Café*, 176 F.3d at 677.

THEREFORE, IT IS HEREBY ORDERED that, for the above reasons, Plaintiff's motion for reconsideration and his request for counsel (D.I. 25) are DENIED.

When this case was originally dismissed on October 23, 2020, it was done so without prejudice to the commencement a new action.  (D.I. 21, 22).  To date, Plaintiff has not commenced a new action.  Plaintiff is required to pay a filing fee should he opt to file a new case.

The Honorable Maryellen Noreika
United States District Judge